**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO CARLOS FERNANDEZ-
MARTINEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No.    21-70963

Agency No. A206-453-571

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026[**]
Phoenix, Arizona

Before:  BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.

Petitioner Roberto Carlos Fernandez-Martinez, a native and citizen of

Mexico, seeks review of a decision by the Board of Immigration Appeals ("BIA")

affirming the denial by an immigration judge ("IJ") of his applications for

cancellation of removal and for voluntary departure.  We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We deny in part and dismiss in part the petition for review.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), but explicitly "constrict[s] the scope of its opinion to apply to only one ground upon which the IJ's decision rested," our review is limited to that portion of the IJ's decision.  *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).  And where the BIA "agree[s] with the IJ's findings and add[s] its own reasoning, we review both the BIA's decision and the portions of the IJ's decision adopted by the BIA."  *Diaz v. Bondi*, 129 F.4th 546, 552 (9th Cir. 2025).  We review our jurisdiction and legal questions de novo.  *Id.*; *Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010).

1. Fernandez-Martinez failed to exhaust his argument that he was not required to supply his stepdaughter's birth certificate to prove that she was a qualifying relative for purposes of his cancellation of removal application.  "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged."  *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)).  Fernandez-Martinez, who was represented by counsel throughout the agency proceedings, expressly waived any reliance on his stepdaughter as a qualifying relative before the IJ.  And on appeal to the BIA,

2

Fernandez-Martinez did not argue that the IJ should have considered his stepdaughter or that no birth certificate was required to show that she was a qualifying relative. We accordingly deny the petition as to this claim.

2. "Although we lack jurisdiction to reweigh the agency's exercise of discretion in denying voluntary departure, *see* 8 U.S.C. § 1252(a)(2)(B)(i), we do have jurisdiction to review 'constitutional claims or questions of law in challenges to denials of voluntary departure.'" *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021) (quoting *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013)). "In exercising discretion to grant or deny requests for voluntary departure, IJs must 'weigh favorable and unfavorable factors,'" and remand is warranted when there is "no indication that the IJ implicitly considered any favorable factors in making its voluntary departure determination." *Id.* at 1221-22 (quoting *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1993)). Here, the BIA and the IJ explicitly considered numerous favorable factors. Because Fernandez-Martinez does not raise a question of law, but essentially contests the IJ's "underlying factual determination[s]" and argues that the agency did not give sufficient weight to the favorable factors in its exercise of discretion, we lack jurisdiction to review his claim. *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024); *see Zamorano*, 2 F.4th at 1222.

Petition **DENIED in part; DISMISSED in part.**[1]

---

[1] The temporary administrative stay of removal is lifted and the motion to stay removal, Docket No. 8, is denied.